UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT COOK and
LISA COOK,

        Plaintiffs,

Case No. 1:23-cv-231

Hon. Jane M. Beckering

v.

KELLOGG COMMUNITY
CREDIT UNION, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

**I.    Introduction**

This lawsuit involves property located in Marshall, Michigan, a $64,000.00 loan from defendant Kellogg Community Credit Union (KCCU) to plaintiffs Robert Cook and Lisa Cook, and a mortgage foreclosure. *See* Compl. (ECF No. 1, PageID.3-5).[1] Plaintiffs have named as defendants KCCU, Matthew Francis Burns, Tracie L. Tomak, Kathleen Ambrose, Tony Wright, Michigan Attorney General Dana Nessel, and Steve Hinkley.

Plaintiffs' complaint is convoluted and generally unintelligible. Plaintiffs allege among other things: that "ELOHEEM [God][2] gave Robert dominion over the earth;" that "all debts owed can never be applied to a private people [sic]"; that plaintiffs' "private dwelling [in Marshall] was gifted to Robert and Lisa of the Cook family as it was aligned in the Will of Eloheem [sic] to receiving it;" that the property in Marshall "has no claims to be a form of 'real property' in fictional

---

[1] This is a re-filing of a previous lawsuit, *Robert Cook and Lisa Cook v. Kellogg Community Credit Union*, 1:23-cv-100 (W.D. Mich.) (dismissed February 28, 2023).

[2] Plaintiffs are apparently referring to "Elohim" which is defined in the *Oxford English Dictionary* as "One of the Hebrew names of God, or of the gods." *See* Elohim, *Oxford English Dictionary*, available at www.oed.com.

1

statutory, or codified terms nor in reality of the Kingdom of Heaven;" that "[a]nyone who goes against the laws of Eloheem [sic] are indeed possessed by a demon; serving the devil;" that defendant Burns "threatened claimants of their unholy intentions to 'commence a foreclosure' and 'attempt to collect a debt;'" that Robert Cook "is a man that lives in the Kingdom of Heaven and Respondent [sic] are Resident Persons of the STATE OF MICHIGAN;" that "[w]ith the fiduciary powers KELLOGG COMMUNITY CREDIT UNION took by running the credit application, Robert of the Cook family was aligned to be credited roughly 64 thousand dollars;" that "KCCU then used language fraud, identify theft, and Claimant(s) [plaintiffs'] lack of knowledge STOLE Robert and Lisa of the Cook family(ies) credits and tricked them into thinking the Claimant(s) somehow owed KCCU for something they credited and co-signed on;" and, that as of January 24, 2023 "approximately 1,047 days have passed since the commencement of the use of an instrument which prevents me [sic] from the enjoyment of my property physically." Compl. at PageID.1-5, 10.

A main component of plaintiffs' complaint is compensatory damages for a nearly three-year alleged trespass or dispossession of property and that damages "in the amount of $10,470,000.00 USD are due posthaste." *Id*. at PageID.11.[3] After plaintiffs filed the present action, Michigan's 10th District Court entered a Judgment (Landlord – Tenant) giving plaintiff KCCU a right to recover possession of the property and ordering that KCCU "can apply for an order evicting the defendant if the defendant does not move out on or before April 7, 2023." *See Kalamazoo Community Credit Union v. Cook/Lisa/A*, No. 22-11341 (10th Dist. Ct.) (March 28, 2023) (ECF No. 11-1).

---

[3] The Court notes that while Robert Cook wants over $10 million in damages from defendants, in another case Cook stated that he could not pay the filing fee because "[t]here is no money" and "[t]he Federal Reserve Board of Governors are the only ones legally eligible to use Federal Reserve Notes, so how am I supposed to pay?". *See Robert Cook v. Huntington National Bank*, 1:23-cv-230 (W.D. Mich.) (ECF No. 8, PageID.41).

### II. Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiffs' complaint is premised on the fact that Robert Cook has dominion over the earth, that he lives in the Kingdom of Heaven, that Eloheem [God] gave him the property in Marshall, that the property is not "real property", that defendants' attempt to foreclose on the property is unholy, that anyone who goes against the laws of Eloheem [God] (*e.g.*, defendants) are possessed by a demon

3

and serving the devil, and that plaintiffs cannot owe debt. Plaintiffs' complaint is totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, and no longer open to discussion. Accordingly, the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Id*.

### III.    Recommendation

Accordingly, I respectfully recommend that plaintiffs' complaint be **DISMISSED** for lack of jurisdiction.


Dated:  April 18, 2023                    /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).